**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Calvin Solomon Barr, Appellant.

Appellate Case No. 2016-001367

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-196
Submitted May 1, 2019 – Filed June 5, 2019

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

**PER CURIAM:** Calvin Solomon Barr appeals his convictions of possession of cocaine, second offense; possession with intent to distribute marijuana, first offense; and possession with intent to distribute heroin. He argues the trial court

erred by (1) denying his motion for a directed verdict because the State failed to present any direct or substantial circumstantial evidence he was knowingly in constructive possession of the drugs, and (2) instructing the jury on the definitions of "dominion" and "control" because the instruction lowered the burden of proof to satisfy the element of constructive possession. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by denying Barr's motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State."); *id*. ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Muhammed*, 338 S.C. 22, 28, 524 S.E.2d 637, 640 (Ct. App. 1999) (finding the trial court properly denied a motion for a directed verdict because the State produced sufficient evidence of the defendant's constructive possession of drugs when the defendant was a temporary visitor in the house with access while the owner was gone and possessed a key to the room where the drugs were found).

2. As to whether the trial court erred by instructing the jury on the definitions of "dominion" and "control": *State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 421-22 (2011) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010))); *State v. Adkins*, 353 S.C. 312, 317, 577 S.E.2d 460, 463 (Ct. App. 2003) ("Generally, the trial [court] is required to charge only the current and correct law of South Carolina."); *id*. at 318, 577 S.E.2d at 463 ("In reviewing jury charges for error, we must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial."); *id*. at 318, 577 S.E.2d at 464 ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *State v. Gaines*, 380 S.C. 23, 31, 667 S.E.2d 728, 732 (2008) ("To warrant reversal, a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**